UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

MONTU LIGHTEN,
AMANDA GOSS,

Defendants.

Hon. Hugh B. Scott

08CR214A

**Report
&
Recommendation**

This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (Docket No. 15). The instant matter before the Court is defendant Amanda Goss' motion to suppress evidence obtained during a search (Docket No. 83; cf. Docket No. 52). Argument was held on January 11, 2011, on Goss' latest motion and the matter was deemed submitted (text minute entry, Jan. 11, 2011).

In an earlier round of motions, defendants moved to suppress (Docket Nos. 21 (codefendant Montu Lighten), 52 (Goss)). An evidentiary hearing was held on October 30 (Docket No. 53 (transcript)), and November 9, 2009 (Docket No. 50 (transcript)[1]), for Lighten's suppression motion. This Court issued a Report & Recommendation (Docket No. 60) which

---

[1] Neither Goss nor her counsel was present for this hearing.

recommended denying defendants' suppression motions (id. at 13), which later was adopted by Judge Arcara (see Docket No. 78, Order adopting Report & Recommendation as to codefendant Montu Lighten). That Report had deferred for an evidentiary hearing the question whether to suppress evidence obtained from the police stop of Goss (Docket No. 60, at 13). Familiarity with that initial Report (Docket No. 60) is presumed.

## BACKGROUND

Defendants were charged with conspiracy to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C), and possession of 5 grams or more of cocaine base, in violation of 21 U.S.C. § 844(a), on April 8, 2008 (Docket No. 14, Indict., Count I). They were also charged with unlawful possession with intent to distribute of 5 grams or more of cocaine base (or a mixture and substance containing cocaine), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), possession of that substance, in violation of 21 U.S.C. § 844(a) and 18 U.S.C. § 2 (id., Counts II, IV, III).

During the evidentiary hearing held on Lighten's motion (Docket No. 53, Oct. 30, 2009, Tr.), Drug Enforcement Administration ("DEA") agent Joseph Bongiovanni testified that, during a felony arrest that agents "pretty much detain everybody in the vehicle until we realize officer safety and the safety of others are accounted for," (id. at 48). Bongiovanni then stated that, during extraction of Goss, she "secreted the bag of cocaine, simultaneously during her extraction" (id.). Before being handcuffed, Goss extracted the bag of drugs (id. at 49). DEA agent Christopher Wisniewski later testified (again at Lighten's evidentiary hearing) that as Goss exited the vehicle, "a large quantity of cocaine in a plastic bag fell out from Amanda Goss' shirt and onto the ground" (Docket No. 50, Nov. 9, 2009, Tr. at 8).

Goss initially sought to suppress evidence obtained pursuant to a search warrant executed at 19½ Park Street, Tonawanda, New York, on April 8, 2008, as well as production of the warrant, and the warrant application (Docket No. 52, Goss Motion at 4). She claimed that the warrant was obtained after she invoked her right to counsel and that she was coerced or made to sign the search warrant agreement (id.). She also sought to suppress the crack cocaine found underneath her shirt because male police officers ordered Goss to lift her blouse. She contends that she was ordered to lift her blouse and the officers searched her bra and found the crack cocaine; the Drug Enforcement Administration and Tonawanda police claim that the crack cocaine fell from defendant's clothing as she exited her car. (See id. at 5.) She further contends that any pat down search of Goss should have been limited to her outer clothes and that it should not have reached her blouse or undergarments (see id.).

Goss now contends that the stop leading to the search of her person lacked probable cause as to her; there was no basis to ask her to leave the vehicle or to seize her (Docket No. 83, Def. Pretrial Motion II, at 2-3). To be sustained as a Terry[2] stop, defendant argues that the stop needed to be based on a reasonable, individualized suspicion based upon articulable facts and any frisk limited to a search for possible weapons, with the officers having reason to believe that this defendant was armed (id. at 4-5).

The Government contends that the Lighten and Goss' vehicle was being followed by DEA agents, and as Goss exited the vehicle at the Royal Restaurant, on Sheridan Drive, Tonawanda, New York, the agents observed in plain view a plastic bag containing a white powdery substance fall to the ground from under her shirt (Docket No. 84, Gov't Response at 3,

---

[2]Terry v. Ohio, 392 U.S. 1 (1968).

7; see Docket No. 54, Gov't Response to Goss at 3). The Government now argues that Goss fails to allege how her rights were violated (Docket No. 84, Gov't Response at 5). The evidence was seized after probable cause was found from codefendant Lighten's activities (findings adopted by this Court, id. at 5 & n.1). Once Goss and Lighten were at the Royal Restaurant parking lot, officers had probable cause to believe that Lighten possessed cocaine (id. at 5). At that point, the Government contends that the police had reasonable suspicion to stop defendants' vehicle under Terry (id. at 6). Goss' arrest was justified because the agents observed the contraband fall from her person when she exited the vehicle (id. at 6-7).

## DISCUSSION

I. Probable Cause to Stop Goss

The Government contends that probable cause existed when the police officers observed, in plain view, the plastic bag drop from under Goss's shirt as she exited her vehicle, arguing that Goss voluntarily abandoned the object (Docket No. 54, Gov't Response at 5-6; see Docket No. 84, Gov't Response at 7), Abel v. United States, 362 U.S. 217 (1960); California v. Hodari D., 449 U.S. 621 (1991).

Initially, Goss contended that there was an issue of fact as to the plastic bag that the Government contends Goss dropped. She argued that the officers compelled Goss to reveal it under her shirt. Upon this issue, the Court was to hold an evidentiary hearing. But her present motion does not argue this, instead she contends that her extraction from the vehicle was without probable cause, conceding that she dropped a plastic bag from her person (cf. Docket No. 83, Def. Motion at 2-3). Therefore, an evidentiary hearing **will not be necessary for this motion**.

4

To reach this point, however, the police needed probable cause to stop Goss' vehicle and to order her out of it. From the surveillance of Lighten (and as previously found, see Docket No. 60, Report & Recommendation at 7) there was probable cause to stop the vehicle. The next issue is whether there was sufficient cause to have the passengers in the vehicle get out of it. During a lawful traffic stop, the police may order all passengers out of the vehicle as a precautionary measure, without reasonable suspicion that a passenger poses a risk, Maryland v. Wilson, 519 U.S. 408, 414-15 (1997); see Brendlin v. California, 551 U.S. 249, 258 (2007). Goss argues that this was not a traffic stop (Docket No. 83, Def. Motion at 4). She claims the stop of this vehicle had the same effect as if the reason for the stop was a traffic infraction. As noted in Brendlin, supra, 551 U.S. at 258, "it is also reasonable for passengers to expect that a police officer at the scene of a crime, arrest, or investigation will not let people move around in ways that could jeopardize his safety." Hence, the officers here could reasonably ask the passengers to exit the vehicle, even if suspicion was founded on the driver from his observed activities.

Terry provides a different basis to stop a person for interrogation where is no probable cause to arrest, see Arizona v. Johnson, 555 U.S. ___, 129 S. Ct. 781, 786 (2009); Terry, supra, 392 U.S. at 24. Terry focused on the brief investigative stop where the officer has reasonable grounds to stop and investigate, but lacks full probable cause to arrest, Johnson, supra, 129 S.Ct. at 786. The defendants in Terry were standing on a downtown corner believed by the police officer to be "casing a job" for "a stick-up," Terry, supra, 392 U.S. at 5, 6. Later cases involving traffic stops analogized the traffic stop to the conditions upheld in Terry for pedestrian stops, Johnson, supra, 129 S.Ct. at 786 (quoting Berkemer v. McCarty, 468 U.S. 429, 439 n.29 (1984)).

5

Therefore, the standards for a stop (regardless of the cause) from Terry apply here. There was probable cause (as previously found) to stop the vehicle and, as held by the Supreme Court in Brendlin and Johnson, at a minimum detain all persons in the vehicle. Once detained and ordered out of the vehicle, Goss here dropped the drugs that lead to her arrest.

Goss argued (Docket No. 83, Def. Motion at 4-5), there was no basis to frisk her absent any perceived danger or belief that she possessed a weapon. Now Goss argues that the officers did not frisk her; but she contends that drugs fell from her as she exited the vehicle (see id. at 3). Any subsequent pat down search occurred after Goss' arrest.

II.     Seizure of Dropped Cocaine

The Government argues that Goss abandoned the drugs by dropping them, depriving her of a basis to challenge the search (Docket No. 84, Gov't Response at 7). Further, upon falling, the drugs came in to the officers' plain view and subject to seizure (id. at 3) and additional drugs found on Goss were due to a search incident to her arrest (id. at 8).

Goss' motion to suppress the seized drugs should be **denied**.

## CONCLUSION

Based upon the above, it is recommended that defendant Amanda Goss's motion (Docket No. 83) to suppress physical evidence obtained during the stop of the vehicle be **denied**; an evidentiary hearing **will not be necessary**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Cr. P. 59(b) (2) (effective December 1, 2009) and W.D.N.Y. Local Criminal Rule 58.2(a) (3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Criminal Rule 58.2(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority." **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
January 26, 2011