UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                DECISION AND ORDER
v.                                          08-CR-214A

AMANDA GOSS,

                Defendant.

The defendant, Amanda Goss is charged in a four-count indictment, along with co-defendant Montu Lighten. Both defendants are charged with conspiracy to distribute five grams or more of cocaine base and three counts of possessing cocaine base.

Very briefly, the government obtained information from a reliable informant indicating that Lighten was a source for drugs. They set up a controlled buy. The confidential informant contacted Lighten to request drugs and set up a meeting for delivery. Agents tracked Lighten and saw Lighten and a woman (later determined to be Goss) get into a vehicle (with Goss's child) and drive to the buy location - a restaurant called the Royal Restaurant. En route to the restaurant, Lighten (who was driving) stopped, got out of the car, got into another person's car, drove around the block, and got back into his original car. They then proceeded to the restaurant.

Upon arrival at the restaurant, police converged on the vehicle and ordered both defendants out. Some officers arrested Lighten while other officers dealt with Goss. When Goss got out of the vehicle, she claims that officers ordered her to lift her shirt,

exposing drugs secreted in her bra.  The government disputes that assertion and claims that the drugs dropped from under her blouse as she exited the vehicle.

In her motion to suppress, Goss argues that officers lacked authority to order her out of the vehicle because they did not have probable cause to believe that she was involved in criminal activity.

Magistrate Judge Scott, to whom the motion was referred, issued a report and recommendation on January 26, 2011, recommending that the motion to suppress be denied because, having probable cause to arrest Lighten, officers were authorized to briefly detain Goss and order her out of the vehicle.  The Magistrate Judge further concluded that, upon seeing the drugs fall from Goss's blouse as she exited the car, police had probable cause to arrest her also.  The Magistrate Judge mistakenly believed that Goss had withdrawn her claim that officers improperly lifted her blouse and deemed a hearing on that issue unnecessary.

Goss filed objections to the report and recommendation and the government filed a response.  On March 11, 2011, this Court held oral argument on the objections.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.  Upon a *de novo* review, and after reviewing the submissions and hearing argument from the parties, the Court adopts Magistrate Judge Scott's report and recommendation and finds that officers had authority to order Goss, a passenger, out of the vehicle when they arrested Lighten.  As the Magistrate Judge concluded, the Supreme Court has determined that it is "reasonable for passengers to expect that a

police officer at the scene of a crime, arrest, or investigation will not let people move around in ways that could jeopardize his safety." *See Brendlin v. California*, 551 U.S. 249, 258 (2007)(holding that a passenger seized in connection with a traffic stop has standing to challenge the stop on Fourth Amendment grounds).  In *Maryland v. Wilson*, 519 U.S. 408 (1997), the Court held that during a lawful traffic stop an officer may order a passenger out of the car as a precautionary measure, without reasonable suspicion that the passenger poses a safety risk. *Id.*, at 414-415; *see also Pennsylvania v. Mimms*, 434 U.S. 106 (1977) (per curiam) (driver may be ordered out of the car as a matter of course); *Mollica v. Volker*, 229 F.3d 366, 369 (2d Cir. 2000) ("We focus first on the constitutionality of the initial stop because if a stop is lawful, passengers and drivers have no Fourth Amendment interest in not being ordered out of the stopped vehicle.").  Under the circumstances of this case, it was entirely reasonable for officers to order Goss out of the vehicle as they effected Lighten's arrest.

However, in her objections, Goss clarifies that she never intended to abandon her claim that officers unlawfully lifted her blouse upon exiting the vehicle.  Because there is a factual dispute as to what occurred when Goss exited the car, both she and the government concede that a hearing on that issue is necessary.

Accordingly, this matter is referred back to Magistrate Judge Scott for a hearing on what transpired when Goss exited the car on April 8, 2008 and whether Goss's Fourth Amendment rights were violated during those events.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: March 23, 2011